UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 12-20036-CR-MORENO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ERIC JOSEPH MACKENZIE,

    Defendant.
_____/

## ORDER ON REQUEST FOR SPECIAL JURY INSTRUCTION

The Defendant is charged with knowingly encouraging and inducing ten aliens to come to the United States knowing or in reckless disregard of the fact that the aliens' entry to the United States was a violation of the law. The Defendant seeks a special jury instruction in addition to the elements of the offense charged pursuant to 8 U.S.C. § 1324(2)(1)(A)(iv). The Court finds that the special jury instruction is not applicable to the offense charged and denies the requested instruction.

### STATEMENT OF FACTS

Defendant Eric Joseph MacKenzie was charged with ten counts of encouraging ten aliens to come to the United States knowing or in reckless disregard of the fact that the aliens' entry into the United States would be a violation of 8 U.S.C. § 1324(a)(1)(A)(iv). The Government alleges that the Defendant was the pilot of a 30 foot boat that held the ten aliens. The Defendant claims that he did not know that he was acting illegally and that he transported the aliens in his boat, knowing that they had proper documents, and that he intended to turn them in to the proper

authorities.[1]

At the end of the presentation of the evidence, at the jury charge conference, the Defendant requested the following instruction regarding 8 U.S.C. § 1324(a)(1)(A)(iv):

> The Defendant can be found guilty of the offense only if all of the following facts are proved beyond a reasonable doubt:
> (1) That the Defendant knowingly encouraged or induced the persons named in the indictment to enter the United States in violation of law;
> (2) That such person was then an alien; and
> (3) The Defendant knew or was in reckless disregard of the fact that such person's entry into the United States would be in violation of the law.
> EXCEPTION: It is not a violation of the law if such person enters at a place that is a designated port of entry or other place designated by the commissioner.

The Government agrees to the first three elements of the offense but opposes the language included in the "exception." The Court finds that the language requested by the Defendant might be appropriate under another subsection of § 1324, specifically § 1324 (a)(1)(A)(i), but not the offense charged in this indictment under § 1324(a)(1)(A)(iv).

## LEGAL ANALYSIS

The Court is always obligated to instruct the jurors on the elements of the offense charged. In addition, the Defendant has the right to have the jury instructed on his theory of the defense, separate and apart from instructions given on the elements of the charged offense. *United States v. Opdahl*, 930 F.2d 1530 (11th Cir. 1991). As long as there has been some evidence adduced at trial relevant to that defense, the Court must give the instruction. *United*

---

[1]The Defendant initially attempted to plead guilty, but the Court in conducting the plea colloquy pursuant to Fed. R. Crim P. 11, rejected the plea because the Defendant did not admit that he knew he was violating the law.

*States v. Middleton*, 690 F.2d 820, 826 (11th Cir. 1982), *cert. denied*, 460 U.S. 1051 (1983). The Court has announced that it will allow, as it must, the Defendant to present his defense that he was going to turn in the aliens to the authorities. The Court is also willing to provide an additional instruction stating that such is the Defendant's theory, even though it would be redundant to the instruction that already requires the Defendant to have knowledge that he was violating the law.

To decide whether a defendant is entitled to have the court instruct the jury on the theory of the defense, the court is obliged to view the evidence in the light most favorable to the accused. *United States v. Williams*, 728 F.2d 1402, 1404 (11th Cir. 1984). A defendant is entitled to such an instruction so long as there is "any foundation" in the evidence. *Opdahl*, 930 F.2d at 1535; *U.S. v. Lively*, 803 F.2d 1124, 1126 (11th Cir. 1986). A defendant has the right to a theory of defense instruction that "precisely and specifically, rather than merely generally or abstractly, points to the theory of his defense." *United States v. Gilbreath*, 452 F.2d 992, 994 (5th Cir. 1971) (citations omitted.) *Accord United States v. Wolfson*, 573 F.2d 216, 221 (5th Cir. 1978).

In *Opdahl*, for example, the Eleventh Circuit reversed a criminal conviction where a district court refused to issue a theory of defense instruction. Opdahl was charged with conspiring to bribe an IRS official. His theory of defense was that his statements about making payments to the official were made with the intent not to bribe the official but to "compromise" a tax delinquency. Accordingly, he proposed a theory of defense instruction based upon the legal theory that the IRS may settle claims against a taxpayer even where it is undisputed that the taxpayer is delinquent. The government opposed the instruction, arguing that the general

instructions on criminal intent and the need for a "corrupt" motive adequately covered the theory. The district court agreed with the government and refused to issue the instruction.

However, the Eleventh Circuit reversed, finding that such general instructions on intent were insufficient to adequately convey the defense to the jury:

> It is not enough to instruct the jury that the requisite intent for conviction is to intend to accomplish "either an unlawful end or result, or a lawful end or result, by some unlawful method or means." To cover defendant's theory adequately in this case, the district court needed to instruct the jury on what form, as a matter of law, such a 'lawful end' or 'lawful means' might take under the defendant's interpretation of the facts.

930 F.2d at 1534. The Court concluded that the failure to issue a theory of defense instruction "seriously impaired the defendant's ability to defend" against the bribery charges. *See also United States v. Banks*, 942 F.2d 1576, 1580 (11th Cir. 1991) (reversing criminal conviction for plain error where although each of the instructions issued by the district court were accurate statements of the law, the instruction as a whole "was inadequate to permit the jury to give proper consideration to defendant's proffered defense to the charge"); *United States v. Hedges*, 912 F.2d 1397, 1405-06 (11th Cir. 1990) (reversing conviction where district court failed to issue instruction on "entrapment by estoppel" defense).

The Court, having expressed a willingness to give a theory of the defense instruction, must then decide what type of instruction is appropriate. The problem with the instruction proposed by the Defendant is that it defines a separate offense. In *United States v. Lopez*, 590 F.3d 1238 (11th Cir. 2009), the Court of Appeals had to decide whether the trial judge erred in giving a supplementing instruction in response to jurors' questions on the meaning of the word encourage. In deciding that there was no error, the Court analyzed two subsections of section

1324.

> An examination of the elements of these two subsections shows that defining "encourage" as "to help" does not turn an offense under § 1324(a)(1)(A)(iv) into an offense under § 1324(a)(1)(A)(i). Subsection 1324(a)(1)(A)(i) criminalizes more than the mere act of bringing an alien to the United States because it also requires that the alien be brought to a place other than a port of entry, which is different conduct than what is covered by § 1324(a)(1)(A)(iv). And § 1324(a)(1)(A)(i) applies to aliens with prior official authorization to enter, whereas § 1324(a)(1)(A)(iv) applies to aliens whose entry is illegal. Accordingly, we do not agree with Lopez that his conviction under § 1324(a)(1)(A)(iv) renders § 1324(a)(1)(A)(i) superfluous.

590 F.3d at 1250. The Court distinguished the elements necessary to prove a violation of § 1324(a)(1)(A)(iv), which is the offense charged in this indictment, from the separate violation of § 1324(a)(1)(A)(i), not charged in this indictment.

> First, § 1324(a)(1)(A)(iv), with which Lopez was charged, criminalizes "encouraging or inducing" an alien to come to the United States knowing or in reckless disregard that the alien's coming to the United States is in violation of law. The elements of § 1324(a)(1)(A)(iv) are: (1) encouraging or inducing; (2) an alien; (3) to come to, enter, or reside in the United States; and (4) knowing or in reckless disregard that the alien's coming to, entering, or residing in the United States is illegal. The fourth element requires that the alien's coming to, entry, or residence in the United States is illegal and the defendant knew or recklessly disregarded that.
>
> In contrast, § 1324(a)(1)(A)(i) makes it a crime to knowingly bring or attempt to bring an alien to the United States at a place other than a designated port of entry, regardless of whether the alien can legally be admitted into the United States. The elements of § 1324(a)(1)(A)(i) are: (1) knowing that a person is an alien; (2) bringing or attempting to bring; (3) an alien; (4) to the United States; (5) at a place other than a designated port of entry or other authorized place; and (6) regardless of whether the alien has received prior official authorization to come to, enter, or reside in the United States and regardless of any future action that may be taken with respect to the alien.

Id. In this case, the requested instruction "It is not a violation of law if such person enters at a place that is a designated port of entry or other place designated by the commissioner" is not

appropriate where the indictment does not charge the crime of "knowingly attempting to bring an alien to the United States at a place other than a designated port of entry." Nevertheless, the Court invites defense counsel to propose another theory of defense instruction that relates to Defendant's defense of lack of knowledge or intent to violate the specific statute charged: § 1324(a)(1)(A)(iv).

DONE AND ORDERED in Chambers at Miami, Florida, this 29th day of March, 2012.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record